IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

PAUL ALMER BRANCH,

    Plaintiff,

vs.                                   Case No. 4:10cv516-RH/WCS

KURT S. BROWNING, CHARLIE CRIST,

    Defendants.

_____/

## SECOND REPORT AND RECOMMENDATION

The *pro se* Plaintiff initiated this case on November 23, 2010, by filing a complaint, doc. 1, and an *in forma pauperis* motion, doc. 2, which was granted by court order entered on December 6, 2010. Doc. 4. Within that order, I noted Plaintiff's case could not go forward as Defendants have Eleventh Amendment immunity against Plaintiff's claim for monetary damages based on his assertion that he was wrongfully incarcerated. *Id.*, at 2. However, I noted that if I had not interpreted Plaintiff's claims correctly, he could file an amended complaint. *Id.*, at 3. I pointed out that if Plaintiff was seeking compensation for a wrongful period of incarceration, Plaintiff's only avenue of recourse was through the filing of a special claims bill. *Id.* Plaintiff's deadline for

responding to the order was January 5, 2011. *Id.* When nothing had not been received by Plaintiff, I entered an Report and Recommendation on January 14, 2011, recommending the case be dismissed for Plaintiff's failure to comply with a court order. Doc. 5.

Plaintiff has filed a belated response to the December order asserting that the "court misinterpreted his claim." Doc. 6. Plaintiff states the "claim is against the state and not an individual." *Id.* It remains, however, that Plaintiff is still seeking monetary compensation for what he contends is a wrongful period of incarceration based on a change in the law which occurred approximately five years after he was released from prison. *See* docs. 1, 6.[1]

Whether Plaintiff's claim is against the State of Florida or against the Governor and Secretary of State for the State, it is the same - Plaintiff seeks monetary damages from the State or from an Official representing the State. Such a claim is barred by the Eleventh Amendment. Plaintiff cannot use this civil rights action to obtain money for an unlawful period of incarceration. Edelman v. Jordan, 415 U.S. 651, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974); Scheuer v. Rhodes, 416 U.S. 232, 94 S. Ct. 1683, 40 L. Ed.2d 90 (1974). This case should be dismissed as no relief may be provided to Plaintiff.

---

[1] Plaintiff was convicted in November, 1997, and sentenced on January 26, 1998, as a "prison releasee reoffender" designation which carried a mandatory sentence for the qualifying offense of battery on a law enforcement officer. Doc. 6, pp. 4-5. Plaintiff was released from prison on November 22, 2002. Plaintiff contends without the designation, he would have been released earlier. *Id.* Plaintiff state that on April 26, 2007, the Florida Supreme Court held that battery on a law enforcement officer is not a qualifying offense for the reoffender designation. That opinion, State v. Hearns 961 So.2d 211 (Fla.,2007), disapproved of Plaintiff's criminal appeal before the First District Court of Appeal, Branch v. State, 790 So.2d 437 (Fla. 1st DCA, 2000).

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** because Plaintiff's claim for relief is barred by the Eleventh Amendment.

**IN CHAMBERS** at Tallahassee, Florida, on January 24, 2011.

S/ William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.